# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KENNETH L. McINTYRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-01365 |
| ) | Judge Campbell/Brown |
| CPL HALEN, ET AL., ) | |
| ) | |
| Defendants. ) | |

**To: The Honorable Aleta Trauger, United States District Judge**.

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that: 1) defendants' motion to dismiss (Doc. 14) be **GRANTED**; 2) this action be **DISMISSED** without prejudice for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a); 3) acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action; 4) any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

## I. INTRODUCTION AND BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983 on December 9, 2013 while incarcerated in the Criminal Justice Center (CJC) in Nashville. (Doc. 1, ¶ II, p. 2) Plaintiff alleges that Corporal Donald Halen and seven other defendants violated his rights under the Eighth Amendment.[1] (Doc. 1, ¶¶ III.B-C, pp. 2-5, ¶ IV, pp. 5-8)[2] More

---

[1] Plaintiff's claims against defendants ABL Food Services, Inc. and f/n/u Rhinco, a member of the mental health staff at CJC, were dismissed on initial review as conclusory. (Doc. 4, pp. 2-3)

[2] The page numbers referred to in the complaint are the page numbers assigned by the court's CM/ECF system.

particularly, plaintiff alleges that: defendant Halen slapped him while he was handcuffed; defendant David Hodges threatened to give him a "black eye" and a "sore asshole"; defendants Tyshawn Jones, Paul Roberts, and Joseph Smith twisted his nipples and made sexually explicit comments to him; defendant Chaz Braden stepped on his foot and injured it. (Doc. 1, ¶ IV, pp. 5-8) Plaintiff asserts that the alleged events above occurred between August 16 and September 19, 2013 (Doc. 1, ¶ IV, p. 5), and that he "filed multip[le] grievance[s] . . . and wr[o]te Internal Affairs" about them (Doc. 1, ¶ II.C.1, p. 2).

Plaintiff noticed the court on January 2, 2014 that he had been released from CJC on December 27, 2013. (Doc. 3) Plaintiff now resides in Smyrna, Tennessee. (Doc. 3)

This action was referred to the Magistrate Judge on January 8, 2014 to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P. and the Local Rules of Court. (Doc. 4) The Magistrate Judge was authorized to recommend dismissal of any claim for reasons provided under 28 U.S.C. § 1915(e)(2). (Doc. 4)

Defendants filed a motion to dismiss for failure to exhaust on February 24, 2014. (Docs. 14-16) Plaintiff responded to the motion on March 12, 2014, and defendants replied on March 20, 2014. (Docs. 19, 25) This matter is now properly before the court.

## II. ANALYSIS

### A. Exhaustion Under the Prison Litigation Reform Act (PLRA)

The Prison Litigation Reform Act (PLRA) provides that "'[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

2

available are exhausted.'" *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011)(quoting 42 U.S.C. § 1997e(a)). The exhaustion requirement of § 1997e(a) is "mandatory." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available . . . even when the state cannot grant the particular relief requested . . . and 'even where [the prisoners] believe the procedure to be ineffectual or futile . . . .'" *Napier*, 636 F.3d at 222 (citations omitted).

To satisfy this exhaustion requirement, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (2007)(quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). There are no futility or other exceptions to the exhaustion requirement under the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 & n. 6 (2001)("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise . . . ."); *see e.g., Cox v. Mayer*, 332 F.3d 422, 425, 427-428 (6th Cir. 2003)(exhaustion requirement applied to a former prisoner who filed his complaint without exhausting his administrative, but had since been released from custody).

**B. Motion to Dismiss**

In assessing a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the court is required to construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's factual allegations as true, and determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Services, Inc.,* 668 F.3d 393, 403 (6th Cir. 2012)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(internal quotation and citation omitted)). A motion to dismiss under Rule 12(b)(6) "should

3

not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007)(quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)(internal quotation and citation omitted)).

Review under Rule 12(b)(6) is limited to the pleadings. *See Tellabs, Inc. v. Makor Issues & rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *see also Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010). If the district court considers materials outside the pleadings, a motion to dismiss generally must be treated as a motion for summary judgment under Fed.R.Civ.P. 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion. *Wysocki v. International Business Machine Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, a court may consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Defendants' motion to dismiss relies on the declaration of Tom Davis, Records Manager for the Davidson County Sheriff's Office (DCSO), of which CJC is part. Mr. Davis has attached the following documents to his declaration: a copy of the DCSO grievance policy with an effective date of November 9, 2012 (Doc. 16, Ex. 1); a copy of the grievance procedure contained in the DCSO *Inmate Handbook* (Doc. 16, Ex. 2); a copy of the DCSO's grievance report covering the eighty-three grievances filed by plaintiff from during the period May 7 through December 23, 2013, the last entry just four days prior to his release (Doc. 16, Ex. 3). The documents attached by Mr. Davis to his declaration constitute public records and exhibits pertaining to specific references made in the

4

complaint that are central to plaintiff's claims. For these reasons, the Magistrate Judge concludes that the motion to dismiss is proper and that it need not be converted to a motion for summary judgment.

## C. Argument

Defendants argue that this case should be dismissed because plaintiff failed to exhaust his administrative remedies prior to bringing this action in district court as required by the PLRA. (Docs. 14-15) Plaintiff argues in his response that he did exhaust his administrative remedies by filing grievances with Internal Affairs, but he was unable to file a grievance "immediately" because he was on suicide watch and not permitted to have paper and pen. (Doc. 19) Plaintiff claims that he wrote "many complaints," and that he has proof that will be revealed through discovery and at trial. (Doc. 19) Defendants argue in reply that, although plaintiff claims to have complained to Internal Affairs, he does not state that he actually filed/appealed any grievances related to the alleged events that gave rise to this action, and that he did not explain why he failed to file a grievance after he was released from suicide watch. (Doc. 25)

As previously noted, defendants rely on the declaration of Mr. Davis, the DCSO Records Manager. Mr. Davis has attached a copy of DCSO's grievance policy to his declaration which reads in relevant part as follows:

> Inmates may file written grievances on Official DCSO grievance forms provided by staff, or on plain paper in emergency situations. Complaints about specific incidents should be filed within **seven days** of the incident. Complaints about practices, policies, or conditions of confinement should be filed within **seven days** of the most recent time the inmate was affected. The grievance should . . . include . . . a detailed description of the problem. . . .

(Doc. 16, Ex. 1, p. 23)(emphasis added) There also is a grievance section pertaining to "sexual abuse" which reads in relevant part as follows:

5

> If an inmate files a grievance alleging sexual abuse, DCSO will not require the initial grievance to comply with the agency's deadlines. Instead, the initial grievance concerning an **allegation of sexual abuse will always be considered timely**. When such grievances are received, the grievance will be routed to the appropriate facility administrator and forwarded to the DCSO's investigations group . . . . The DCSO will have ninety days in which to investigate the grievance and respond . . . .

(Doc. 16, Ex. 1, p. 4)(emphasis added) Given the sexual overtones of some of plaintiff's complaints, the Magistrate Judge will consider defendants' motion to dismiss in the context of both sections of DCSO's grievance policy.

Mr. Davis also has provided a copy of the grievance section in the DCSO *Inmate Handbook* that Mr. Davis states is given to inmates "at the beginning of their incarceration with DCSO." (Doc. 16, ¶ 3, p. 1) The grievance procedures described in the *Inmate Handbook* read as follows:

> **15. GRIEVANCES**
>
> If you have a complaint about a jail policy, practice, condition, or employee, ask for a grievance/appeal form, or write it on plain paper with 'GRIEVANCE' across the top in big letters. Put it in the grievance box in your area. You have **seven days, including holidays and weekends**, after the matter/incident you are complaining about arises to file a grievance. **That time limit may be extended only for a good reason.** You should get an answer within seven working days. If you don't, ask your case manager to check on it for you. If the grievance coordinator finds the grievance duplicates one you've already filed, the grievance will be returned to you without a new response.
>
> **Grievance appeals:** If you think the answer to your grievance is unfair, you can appeal to the facility administrator. You must file your appeal **within five days of receiving your original response**. Get another grievance/appeal form from your case manager or correctional officer, or write your appeal on plain paper with 'GRIEVANCE APPEAL' in big letters across the top. Put it in the grievance box. You will receive an answer in seven working days. The appeal must only be based on issues from the initial grievance. If you introduce new grievances within the appeal, the appeal authority may choose to answer only issues which appear in the

initial grievance.

(Doc. 16, Ex. 2)(emphasis added)

Referring to DCSO's grievance report (Doc. 16, Ex. 3), Mr. Davis states in his declaration that plaintiff did not file grievances as to any of the claims alleged or any of the defendants. (Doc. 16, ¶¶ 6-9, p. 2) Mr. Davis does state, however, that his review of the DCSO's grievance report showed that plaintiff filed a grievance against "a Corporal Haley for making sexually harassing comments about [plaintiff's] mother," but that there is no "Corporal Haley" employed at CJC. Assuming that the grievance was intended to be against defendant Halen, Mr. Davis notes that plaintiff did not appeal the unfavorable grievance response in that instance. (Doc. 16, ¶ 10, p. 3)

A review of the eighty-three grievances/appeals covered by DCSO's grievance report reveals that Mr. Davis' assessment is correct. Plaintiff failed to exhaust his administrative remedies as to any of the defendants or events alleged. Not only has the time frame for him to do so long since passed, plaintiff has been released from custody and no longer is in a position to avail himself to DCSO's grievance procedures. As to those claims with sexual overtones, to the extent that they fall under the "sexual abuse" section of DCSO's grievance policy there is no time restriction on filing grievances. Again, however, plaintiff is no longer in custody and no longer is in a position to avail himself to DCSO's grievance procedures pertaining to "sexual abuse."

As previously noted, the exhaustion requirement of § 1997e(a) is "mandatory." *Jones*, 549 U.S. at 211. The fact that plaintiff is no longer incarcerated and can no longer avail himself to DCSO grievance procedures is irrelevant. There are no futility or other exceptions to the exhaustion requirement under the PLRA. *Booth*, 532 U.S. at 741 & n. 6. That means that plaintiff, who has been released from custody and no longer has access to DCSO's grievance procedure, still is required to exhaust his administrative remedies. *See Cox*, 332 F.3d at 425, 427-428. Because the

7

evidence is conclusive that plaintiff failed to exhaust his administrative remedies as to any of the events alleged, defendants' motion to dismiss for failure to exhaust should be granted.

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that: 1) defendants' motion to dismiss (Doc. 14) be **GRANTED**; 2) this action be **DISMISSED** without prejudice for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a); 3) acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action; 4) any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 29th day of May, 2014.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge